UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEAN M. TRAPPER
MICHAEL TRAPPER and
CYNTHIA TRAPPER,

                             Plaintiffs,
v.                                          Civil Action No. _____

CREDIT COLLECTION SERVICES, INC. and
AFFILIATED COMPUTER SERVICES, INC.,

                               Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Sean Trapper is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Michael Trapper is a natural person residing in the County of Erie and State of New York.

6. Plaintiff Cynthia Trapper is a natural person residing in the County of Erie and State of New York.

7. Defendant Credit Collection Services, Inc. (hereinafter "CCS") is a corporation organized and existing under the laws of the State of Massachusetts and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant Affiliated Computer Services, Inc. (hereinafter "ACS") is a corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. The acts each of the Defendant's alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

11. All references to either defendant herein shall mean said Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Sean Trapper incurred three federally guaranteed student loan obligations to Wachovia Education Finance, Inc. (hereinafter "Wachovia"). These debts will be referred to as the "subject debts."

13. That Michael Trapper and Cynthia Trapper are Sean M. Trapper's parents, and cosigned the subject debt.

14. That the subject debts arose out of transactions in which money, services or property, which was the subject of the transactions, were primarily for personal, family and/or household purposes. As such, said debts are each a "debt" as that term is defined by 15 U.S.C. §1692a(5).

15. That Plaintiffs owed an installment payment on the subject debt of $299.64 that was due on February 14, 2010.

16. That Plaintiffs paid the installment payment due on February 14, 2010 on or before the due date, and have never missed a payment on the subject debt.

17. That on February 22, 2010, Wachovia mailed Plaintiff Sean Trapper a notice, which said Plaintiff received and read, that stated that Wachovia had not received the payment due on February 14, 2010, and that "Late payment, missed payments, or other defaults on your account may be reflected in your credit report."

18. That Sean Trapper showed the February 22, 2010 notice to Michael and Cynthia Trapper.

19. That Plaintiffs reasonably interpreted the aforementioned February 22, 2010 letter to assert that the subject debt was in default.

20. That the "least sophisticated consumer", as that term is defined by law, would have interpreted the aforementioned February 22, 2010 letter to assert that the subject debt was in default.

21. That after Plaintiffs alleged default, Wachovia retained the services of CCCS to attempt to collect the subject debt.

22. During the months of March and April of 2010, CCCS mailed multiple letters to Plaintiff Sean Trapper.  All of said letters:

    A. Stated that the subject debt was delinquent.

    B. Stated that the subject debt was in danger of going into default.

    C. Stated that CCCS was a debt collector attempting to collect a debt.

    D. Contained the information and disclosures required by 15 U.S.C.§1692g(a).

23. That Plaintiff Sean Trapper promptly showed all of the letters described in paragraph 22 herein to Michael and Cynthia Trapper.

24. That after Plaintiffs alleged default, Wachovia retained the services of ACS to attempt to collect the subject debt.

25. That on March 21, 2010, April, 25, 2010 and on May 24, 2010 ACS mailed notices to Plaintiff Sean Trapper, each of which said Plaintiff promptly showed to Plaintiffs Michael and Cynthia Trapper, which contained the identical notification and quoted language described in paragraph 17 of this complaint.

26. That Plaintiffs reasonably interpreted the aforementioned letters of CCCS to represent that they were debt collectors under the FDCPA.

27. That the "least sophisticated consumer", as that term is defined by law, would have interpreted the aforementioned letters of CCCS to assert that they were debt collectors under the FDCPA.

28. That one or more of the letters, bills and/or notices described above were also mailed to Plaintiffs Michael and Cynthia Trapper.

29. That 20 C.F.R.§682.200(b) provides that federally guaranteed student loans are not considered to be in "default" until they are 270 days past due.  As such, the subject debt was not in default at the time that the aforementioned letters were mailed.

30. Notwithstanding the lack of a "default" by Plaintiffs on the subject debt, Defendants are estopped from asserting that they are not "debt collectors" under the FDCPA because:

    A. Both Wachovia and ACS asserted that the subject debt was in default; and

    B. CCCS asserted that they were debt collectors and provided the information and disclosures required under the FDCPA.

31. On multiple occasions, Plaintiffs orally informed each Defendant, and also provided written documentation establishing that the subject debts were not in default.

32. Despite having been provided with written proof that Plaintiffs were current on the subject debt, each of the Defendants, on multiple occasions, represented orally and in writing that Plaintiffs had missed one or more payments on the subject debts and/or that they had defaulted on them. They also requested that Plaintiffs make additional payments on the loans that were, in fact, not due because of their mistaken belief that a payment or payments had been missed.

33. That one occasion, Defendant CCS stated to Plaintiff Michael Trapper that the subject debt was in default, and that if an extra payment were not made immediately, that it would adversely affect Plaintiffs credit record.

34. That the representation made by CCS as alleged in paragraph 33 herein was false in that Plaintiffs were current on the subject debt and, therefore, their credit records would not have been adversely affected by their refusal to make the payments requested that were not actually due.

35. That all of the acts complained of in this complaint occurred within twelve months of the date of this complaint.

36. That Plaintiffs became completely frustrated and upset over the fact that the Defendants repeatedly falsely asserted that the subject debt was delinquent despite the fact Plaintiffs repeatedly provided them with proof that it was not.

37. That as a result of each of the Defendants acts, Plaintiffs, and each of them, became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

38. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 37 above.

39. That the conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendants violated 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount and legal status of the subject debt by falsely representing that said debt was in default, that a payment or payment had been missed, and that additional payments were due over and above the usual monthly payment.

B. Defendant CCS violated 15 U.S.C. §§1692e(5) by falsely representing that they could and would cause Plaintiffs credit record to be adversely affected as alleged in paragraphs 33 and 34 herein.

C. Defendants violated 15 U.S.C.§1692f and 15 U.S.C.§1692f(1) by attempting to collect amounts from Plaintiffs charges that were not authorized by law.

40. That as a result of each of the Defendant's FDCPA violations as alleged herein, Plaintiffs, and each of them, became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, each Plaintiff respectfully requests that judgment be entered against each of the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 30, 2010          /s/ Kenneth R. Hiller_____
                                Kenneth R. Hiller, Esq.
                                Seth Andrews, Esq.
                                Law Offices of Kenneth Hiller, PLLC
                                Attorneys for the Plaintiffs
                                6000 North Bailey Ave., Suite 1A
                                Amherst, NY 14226
                                (716) 564-3288
                                Email: khiller@kennethhiller.com
                                       sandrews@kennethhiller.com

5