UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| SEAN M. TRAPPER,<br>MICHAEL TRAPPER and<br>CYNTHIA TRAPPER,<br><br>         Plaintiffs,<br><br>v.<br><br>CREDIT COLLECTION SERVICES, INC., and<br>AFFILIATED COMPUTER SERVICES, INC.,<br><br>         Defendants. | REPORT AND<br>RECOMMENDATION<br><br>10-CV-00730-RJA-JJM |

_____

## INTRODUCTION

In this action, plaintiffs seek to recover for defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Amended Complaint [9]. Defendant Credit Control Services, Inc. ("CCS") has moved to dismiss plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [17]. That motion, being dispositive, has been referred to me by Hon. Richard J. Arcara for a Report and Recommendation [8].[1] For the following reasons, I recommend that the motion be granted.

## BACKGROUND

Plaintiffs allege that plaintiff Sean Trapper incurred three federally guaranteed student loan obligations to Wachovia Education Finance, Inc. ("Wachovia"), which were co-signed by his parents, plaintiffs Michael and Cynthia Trapper (Amended Complaint [9], ¶¶12-

_____

[1]     Bracketed references are to the CM/ECF docket entries.

13); that they "have never missed a payment on the subject debt" (id., ¶16); that "the subject debt was not in default" (id., ¶29); that "[d]espite having been provided with written proof that Plaintiffs were current on the subject debt, each of the defendants, on multiple occasions, represented orally and in writing that Plaintiffs had missed one or more payments on the subject debts and/or that they had defaulted on them"(id., ¶32), and that on "one occasion, Defendant CCS stated to Plaintiff Michael Trapper that the subject debt was in default" (id., ¶33).

In moving to dismiss the Amended Complaint, CCS argues that "[t]he FDCPA only applies where a 'debt collector' pursues a 'debt', as defined by the FDCPA. The definition of 'debt collector' expressly excludes situations where the debt is not in default. 15 U.S.C. §1692a(6)(F)(iii). Here, Plaintiffs state the debt was not in default, which is the sole determining factor . . . . Therefore, the facts demonstrate the FDCPA does not apply and no cause of action under the Act exists." CCS' Memorandum of Law [17], p.5.

In opposing the motion, plaintiffs argue that "[t]he FDCPA specifically provides that the term "debt collector" includes any person who attempts to collect a debt "owed or due *or asserted to be owed or due* another." 15 U.S.C.§1692a(6) . . . . Thus, the fact that the debt may have, in fact, been current at the time [CSS] was attempting to collect it does not defeat Plaintiffs claim that [CSS] is a debt collector because they asserted that it was due." Plaintiffs' Memorandum of Law [21], p.6 (emphasis in original).

## ANALYSIS

The FDCPA regulates the activities of "debt collectors". "Under the Act an entity cannot be a debt collector unless the debt it attempts to collect is in default." Alibrandi v.

Financial Outsourcing Services, Inc., 333 F.3d 82, 88 (2d Cir. 2003).[2]  Although the court in Alibrandi recognized that "[u]nfortunately, the FDCPA does not define so key a term as 'default'" (id. at 86), it noted that "[i]n applying the FDCPA, courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default . . . . Likewise, various other federal regulations have defined default as commencing anywhere between thirty and 270 days after a debt becomes due. *See, e.g.* . . . 34 C.F.R. §685.102(b) (1999) (270 days for certain student loans)." Id. at 86-87.

       Plaintiffs acknowledge that "[i]f one were to apply this case (Alibrandi), the debt would not be considered to be in default at the time it was referred to [CSS] for collection, because their collection letters were mailed less than 270 days after Sean Trapper allegedly missed a payment". Plaintiffs' Memorandum of Law [21], p.4.  However, they argue that under Alibrandi, "a creditor can change that status by their conduct", *i.e.*, by a declaration that the debt is in default. Id., p.4. "Under *Alibrandi*, Wachovia's description of the account as being in default binds them." Id., p.5.

       I disagree. While the court in Alibrandi did consider the creditor's declaration of default to be relevant to the determination of whether a default had occurred, it did so only because the automobile lease at issue did not define the event of default. "[W]e conclude that the interests of debtors, creditors, collectors, and debt service providers will best be served by

---

    [2]    "The term 'debt collector' . . . does not include – any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person". 15 U.S.C. §1692a(6)(F)(iii).

affording creditors and debtors considerable leeway contractually to define their own periods of default, according to their respective circumstances and business interests. Once the parties have contractually set the period of delinquency preceding default, it will be a relatively simple matter to determine whether the Act applies." Alibrandi, 333 F.3d at 87 n.5.

In this case, by contrast, the parties need not (and in fact cannot) "contractually set the period of delinquency preceding default", because that period is already defined by regulation as being 270 days past the date when the loan becomes due. 34 C.F.R. §685.102(b); Alibrandi, 333 F.3d at 87; Plaintiffs' Memorandum of Law [21], p.4. Since the parties agree that this period had not elapsed by the time CCS became involved, it is "a relatively simple matter to determine whether the Act applies" (Alibrandi, 333 F.3d at 87 n.5). Because plaintiffs' loans from Wachovia were not in default, the FDCPA does not apply to CCS. "[A]n entity cannot be a debt collector unless the debt it attempts to collect is in default." Id. at 88.

Plaintiffs' allegation that Wachovia and/or CCS purported to declare a default does not lead to a different result, since "under §1692a(6)(F)(iii), the classification of debt collector depends upon the status of a debt, rather than the type of collection activities used". Id. at 86. The status of plaintiffs' debt is governed by regulation (34 C.F.R. §685.102(b)), rather than by the parties' statements. Although plaintiffs cite contrary case authority, none of that authority is from the Second Circuit, which governs my decision.

Some courts have criticized this interpretation as being contrary to the spirit of the FDCPA. *See*, *e.g.*, Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 538 (7th Cir. 2003) ("It makes little sense, in terms of the conduct sought to be regulated, to exempt an assignee from the application of the FDCPA based on a [loan] status it is unaware of and that is contrary to its

assertions to the debtor. The assignee would have little incentive to acquire accurate information about the status of the loan because . . . its ignorance leaves it free from the statute's requirements").[3] Even if that is true, "[c]ourts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." <u>Badaracco v. Commissioner of Internal Revenue,</u> 464 U.S. 386, 398 (1984).

Plaintiffs' interpretation of §1692a(6)(F)(iii) would require me to entirely ignore the phrase "to the extent such activity concerns a debt which was not in default", which I am not free to do. "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." <u>Commissioner of Internal Revenue v. Asphalt Products Co.</u>, 482 U.S. 117, 121 (1987).

## CONCLUSION

For these reasons, I recommend that CCS' motion to dismiss the Amended Complaint [17] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by September 19, 2011 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object

---

[3] *See also* <u>Cyphers v. Litton Loan Servicing, L.L.P.</u>, 503 F.Supp.2d 547, 551 (N.D.N.Y. 2007) ("A person collecting or attempting to collect a debt which was not in default at the time it was obtained by that person, but which that person *believed* was in default at that time, can also be a 'debt collector' under the FDCPA"). <u>Cyphers</u> cites <u>Schlosser</u> (a Seventh Circuit opinion) for that proposition, but curiously ignores <u>Alibrandi</u>.

timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED: August 31, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge