UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEAN M. TRAPPER,
MICHAEL TRAPPER and
CYNTHIA TRAPPER,

                      Plaintiffs,

v.

CREDIT CONTROL SERVICES, INC.
d/b/a CREDIT COLLECTION SERVICES, INC.,
and AFFILIATED COMPUTER SERVICES, INC.,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

10-CV-00730-RJA-JJM

## INTRODUCTION

In this action, plaintiffs seek to recover for defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. Amended Complaint ([9]).[1] Defendant Credit Control Services, Inc. ("CCS") previously moved to dismiss plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [17]. In a Report and Recommendation dated August 31, 2011 [23], I recommended that its motion be granted. By Order dated October 26, 2011[28], Judge Arcara adopted that recommendation.

Unlike CCS, defendant Affiliated Computer Services, Inc. ("ACS") initially answered the Amended Complaint rather than moving to dismiss. Now, however, it moves to dismiss the Amended Complaint for failure to state a claim, relying on the "points of authorities

---

[1] Bracketed references are to the CM/ECF docket entries.

contained in the motion to dismiss [by CCS] and Order granting said motion"[32].[2] That motion, being dispositive, has been referred to me by Judge Arcara for a Report and Recommendation ([8, 28]). For the following reasons, I recommend that the motion be granted.

**BACKGROUND**

Plaintiffs allege that plaintiff Sean Trapper incurred three federally guaranteed student loan obligations to Wachovia Education Finance, Inc. ("Wachovia"), which were co-signed by his parents, plaintiffs Michael and Cynthia Trapper (Amended Complaint [9], ¶¶12-13); that they "have never missed a payment on the subject debt" (id., ¶16); that "the subject debt was not in default" (id., ¶29); that "[d]espite having been provided with written proof that Plaintiffs were current on the subject debt, each of the defendants, on multiple occasions, represented orally and in writing that Plaintiffs had missed one or more payments on the subject debts and/or that they had defaulted on them"(id., ¶32). Whereas it is alleged that CCS mailed collection letters "during the months of March and April of 2010" (id., ¶22), it is alleged that ACS sent its notices on March 21, 2010, April 25, 2010 and May 24, 2010 (id., ¶25).

The FDCPA regulates the activities of "debt collectors". "Under the Act an entity cannot be a debt collector unless the debt it attempts to collect is in default." Alibrandi v. Financial Outsourcing Services, Inc., 333 F.3d 82, 88 (2d Cir. 2003). In moving to dismiss the Amended Complaint, CCS argued that the FDCPA did not apply because plaintiffs' conceded

---

[2] Although ACS does not specify under which Rule its motion is based, I will treat it as being brought pursuant to Rule 12(c)

that the debt was not in default. CCS' Memorandum of Law [17], p.5. Relying on Alibrandi, plaintiffs argued that even if the debt was not in default, "a creditor can change that status by their conduct", *i.e.*, by a declaration that the debt is in default. Plaintiffs' Memorandum of Law [21], p.4.

>In recommending that the claims against CCS be dismissed, I concluded that
>
>"[w]hile the court in Alibrandi did consider the creditor's declaration of default to be relevant to the determination of whether a default had occurred, it did so only because the automobile lease at issue did not define the event of default . . . . In this case, by contrast, the parties need not (and in fact cannot) 'contractually set the period of delinquency preceding default', because that period is already defined by regulation as being 270 days past the date when the loan becomes due. 34 C.F.R. §685.102(b) . . . . Since the parties agree that this period had not elapsed by the time CCS became involved, it is 'a relatively simple matter to determine whether the Act applies' (Alibrandi, 333 F.3d at 87 n.5). Because plaintiffs' loans from Wachovia were not in default, the FDCPA does not apply to CCS."

2011 WL 5080244 at *2.

## ANALYSIS

In opposing ACS' motion to dismiss, plaintiffs merely repeat the arguments which they raised in opposition to CCS' motion. *See* plaintiffs' Memorandum of Law [35], pp. 4-7. Since plaintiffs fail to raise any arguments distinguishing their allegations against ACS from those which they asserted against CCS, I recommend that ACS' motion to dismiss be granted for the reasons stated in my August 31, 2011 Report and Recommendation [23].

# CONCLUSION

For these reasons, I recommend that ACS' motion to dismiss the Amended Complaint [32] be granted. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 5, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

DATED: September 18, 2012

                                                      /s/ Jeremiah J. McCarthy
                                                      JEREMIAH J. MCCARTHY
                                                      United States Magistrate Judge